Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 995 | **DATE** | 8/28/2003 |
| **CASE TITLE** | ROBERT P. RECKER vs. JEWEL FOODS STORES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants defendant's Rule 12(b)(6) motion to dismiss plaintiff's hostile work environment claim [9-1] and denies defendant's Rule 12(f) motion to strike certain statements from the complaint [9-2]. Status hearing date of 10/22/03 at 9:30a.m. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | SEP 09 2003 number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TBK | 03 SEP -2 AM 11:16 courtroom deputy's initials FILED FOR DOCKETING ED Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT P. RECKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Ronald A. Guzmán |
| v. ) | |
| ) | 03 C 995 |
| JEWEL FOODS STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert P. Recker ("Recker") has sued Jewel Foods Stores, Inc. ("Jewel") for discrimination based on his age in violation of the Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. § 621 *et seq.* ("ADEA") and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Defendant has moved to dismiss plaintiff's hostile work environment claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and to strike certain statements from the complaint pursuant to Rules 12(f) and 26(c)-(d). For the reasons provided in this Memorandum Opinion and Order, the Court grants defendant's motion to dismiss and denies defendant's motion to strike.

## FACTS

The following facts are taken from the complaint and are assumed to be true for purposes of this motion. Recker, a white male, was born on March 8, 1951. (Compl. ¶¶ 35, 47.) He began employment with Jewel on November 1, 1976. (*Id.* ¶ 11.) In January 2000, Recker began to believe that Jewel offered preferential treatment to younger black employees in selection and

1

bidding of job assignments, application of company policies and rules, and disciplinary matters. (*Id.* ¶ 15.)

On January 13, 2002, Recker requested an assignment in the receiving department and was told the assignment was not open. (*Id.* ¶ 18.) Shortly thereafter, he learned the assignment was open at the time of his request and had been given to a younger, less senior black male. (*Id.* ¶ 20.) Recker complained to three supervisors, including Joe McDonald, a black male. (*Id.* ¶¶ 21-23.) McDonald called Recker insubordinate and asked him to leave the premises. (*Id.* ¶ 24.) Upon his return home, Recker spoke to a union steward and was asked to travel to Melrose Park for drug and alcohol testing. (*Id.* ¶ 26.) Recker refused and instead offered to have the testing done at his local community hospital. (*Id.* ¶ 27.) No one from Jewel arranged for the testing to take place at the hospital chosen by Recker. (*Id.* ¶ 29.) On February 8, 2002, Recker was told that he was terminated for refusing to undergo testing on January 13, 2002. (*Id.* ¶ 31.)

On September 12, 2002, Recker filed charges of race and age discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). *(Id.*, Ex. A.)[1] The charge included the following narrative description:

> My employment began with Respondent on November 1, 1976. My most recent position was in the Shipping and Receiving Department. On Januay [sic] 13, 2002 I was denied a requested assignment in the Receiving Department while a younger, less senior, black employee was granted the assignment. When I complained about the assignment, on January 13, 2002, I was discharged.
>
> I believe I have been retaliated and discriminated against because of my race, white in violation of Title VII of the Civil Rights Act of 1964, asa [sic] amended and my age, 51 (DOB: 3/8/1951), in violation of the Age Discrimination in Employment Act of 1967.

*(Id.)*

---

[1] Plaintiff attached copies of his EEOC Charge and Notice of Right to Sue provided by the EEOC to his complaint. As a result, the Court may properly consider them as part of the complaint for purposes of the motion to dismiss. *See* FED. R. CIV. P. 10(c); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (holding that a document attached to a complaint becomes "part of it for all purposes").

On November 13, 2002, the EEOC issued Recker a Notice of the Right to Sue. (*Id.*, Ex. B.) Recker filed a civil action with this Court on February 11, 2003, complaining that the defendant had discriminated against him on the basis of his age and race. (*Id.* ¶ 1.)

## DISCUSSION
### I. Rule 12(b)(6) Motion to Dismiss Plaintiff's Hostile Work Environment Claim

Defendant moves to dismiss portions of plaintiff's complaint under Rule 12(b)(6) for failure to state a claim. A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). When ruling on a motion to dismiss, the Court "must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The Court will deny a Rule 12(b)(6) motion "unless it is impossible to prevail 'under any set of facts that could be proved consistent with the allegations.'" *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

Defendants argue in support of their motion to dismiss that plaintiff's complaint fails to allege a Title VII cause of action as to a hostile work environment claim because that form of discrimination was not included in the underlying EEOC charge. A plaintiff is generally not permitted to raise claims in a lawsuit that were not included in the underlying EEOC charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). The rationale is two-fold. First, the charge serves as notice to the employer of the employee's complaints. *Rush v. McDonald's Corp.*, 966 F.2d

3

1104, 1110 (7th Cir. 1992). Second, the charge provides an opportunity for the EEOC and the employer to investigate and resolve the disagreement. *Id.*

However, because most EEOC charges are filed by laypersons, a plaintiff may pursue claims in federal court, although not expressly alleged in the EEOC charge, if the allegations fall within the scope of those described in the charge. *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). Allegations fall within the scope of the charge when the allegations in the complaint are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc); *see also Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985). To make this assessment, courts consider whether the complaint and the charge describe the same conduct and implicate the same individuals and whether the complaint's claims and the EEOC charge cover the same time period. *Cheek*, 31 F.3d at 500.

The Court finds that Recker's Title VII hostile work environment claim does not fall within the scope of his underlying EEOC charge. First, Recker's charge and the instant complaint with regard to hostile work environment do not cover the same time period. The charge form states that all of the alleged discriminatory acts occurred on January 13, 2002. (Compl., Ex. A.). In contrast, the complaint alleges a hostile work environment that began two years prior to Recker's termination in 2002. (*Id.* ¶ 15.)

Second, Recker's charge and the instant complaint with regard to hostile work environment do not implicate the same individuals. The EEOC charge does not identify any Jewel employee thought to be responsible for the discriminatory job assignment on January 13, 2002, or Recker's subsequent discharge. (*Id.*, Ex. A.) Recker's complaint is similarly vague. In fact, the only person identified as engaging in preferential treatment of younger black employees

is Jewel manager Kareem Hamilton (*id.* ¶ 15), but the complaint does not accuse Hamilton of having any role in making the alleged discriminatory job assignment on January 13, 2002, or of being involved in the decision to terminate Recker.

Third, Recker's charge and the instant complaint with regard to hostile work environment do not describe the same conduct. In the ordinary case, a claim of harassment cannot be reasonably inferred from an EEOC charge that alleges discrimination. *Cheek*, 31 F.3d at 503. Recker's EEOC charge relates to a single job assignment made on the basis of race and a retaliatory discharge for complaining about that assignment. (Compl., Ex. A.) The Seventh Circuit has held that an EEOC charge specifically alleging that a termination was based on racial discrimination is insufficient to support a later claim of racial harassment. *Rush*, 966 F.2d at 1111-12. Further, Recker's EEOC charge contains no statements whatsoever about the work environment he endured while employed by Jewel. (Compl., Ex. A.) When the charge includes no statements related to the plaintiff's work performance or work environment, a hostile work environment claim is outside the scope of the underlying EEOC charge of racial discrimination. *Naylor v. Rockford Park Dist.*, No. 98 C 50315, 1999 WL 626762, at *2 (N.D. Ill., July 14, 1999). Simply put, there are no allegations in Recker's charge of age and race discrimination to support an inference that a hostile work environment was also envisioned in the charge.

Therefore, because the Court finds that Recker's hostile work environment claim is outside the scope of his EEOC charge, he is precluded from basing his Title VII claims on harassment.

## II. Defendant's Rule 12(f) Motion to Strike Certain Statements from the Complaint

Defendants have also moved to strike the following statements from the plaintiff's complaint: Paragraphs 15, 48 and 51 in their entirety; the phrase "harassment or a hostile work environment" in Paragraph 45;[2] and the phrase "on numerous occasions" in Paragraph 52. Rule 12(f) permits the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Courts may exercise this power "where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997). The party moving to strike has the burden of showing that the "challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998).

Recker may not seek to rely on paragraphs 15, 48, 51 and 52 to support a hostile work environment claim based on race because the Court has already held that he is barred from pursuing that claim. However, it is possible that Recker may attempt to rely on such paragraphs to support his discrimination claim to prove that the decisionmaker(s) held a prohibited discriminatory animus or that similarly situated individuals outside of his protected class were treated more favorably.

Defendant in its four-sentence argument in support of its motion to strike simply has not met the burden in this instance. The defendant has not demonstrated that the challenged allegations are offered only to support the plaintiff's hostile work environment claim or that the

---

[2] As defendant notes in their answer to the complaint, paragraph 45 is a statement of law, not an allegation by the plaintiff, and it does not require a response by the defendant. The Court finds little to be gained from striking statements of law, insofar as the parties still bear a burden of showing facts that do or do not warrant the application of that law in the instant case.

6

allegations are wholly unrelated to the claims of age and race discrimination and retaliation. The defendant has also failed to establish how the allegations would unduly prejudice the defense.

Motions to strike are viewed with disfavor because the striking of a portion of a pleading is a drastic measure. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (1990). Accordingly, the Court denies the defendant's Rule 12(f) motion.

## CONCLUSION

For the reasons set forth above, the Court grants defendant's Rule 12(b)(6) motion to dismiss plaintiff's hostile work environment claim [doc. no. 9-1] and denies defendant's Rule 12(f) motion to strike certain statements from the complaint [doc. no. 9-2].

SO ORDERED.                                ENTER: 8/28/03

*Ronald A. Guzman*
HON. RONALD A. GUZMÁN
United States Judge